(July 22, 1910.)

## STATE, Respondent, v. MARSHALL HAMMOCK, Appellant.

[110 Pac. 169.]

RAPE—UNCHASTITY—OTHER OFFENSES—CONSPIRACY TO COMMIT RAPE— EVIDENCE OF CO-CONSPIRATOR.

(Syllabus by the court.)

1. On a trial for rape, where the female was under the age of consent at the time of the commission of the offense, evidence as to the chastity of the prosecutrix, or that she had previously had sexual intercourse with other men, is not admissible.

2. Where a conspiracy existed between defendant and his wife for the purpose generally of procuring girls to have sexual intercourse with defendant, a statement or declaration made by the wife subsequent to the commission of a specific act, and during the existence of the common design, is admissible against the defendant as a declaration from a co-conspirator.

3. Evidence of the common purpose to commit like crimes on other girls and the commission of such offenses by the defendant *held* admissible under the circumstances of this case, as incidents in the commission of the common criminal design included in the conspiracy.

4. Alleged errors in the admission and rejection of evidence examined, and *held,* that no substantial right of defendant has been prejudiced by the rulings of the court.

APPEAL from the judgment of the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Prosecution for rape on a female under the age of consent. From a judgment of conviction defendant appealed. *Affirmed.*

Frank Harris, for Appellant.

"The declaration, to be admissible, must not only be made during the pendency of the criminal enterprise, but also in furtherance of its objects. A narrative to a stranger, related during the pendency of the criminal enterprise, but of a past event or occurrence, is just as objectionable as if related after

the criminal enterprise is terminated." (*Samples v. People,* 121 Ill. 547, 13 N. E. 536; *Brown v. United States,* 150 U. S. 93, 14 Sup. Ct. 37, 37 L. ed. 1010; *People v. Stanley,* 47 Cal. 113, 17 Am. Rep. 401; *People v. Collum,* 122 Cal. 186, 54 Pac. 589; *People v. Opie,* 123 Cal. 294, 55 Pac. 989; *People v. Aleck,* 61 Cal. 137; *Roberts v. Kendall,* 3 Ind. App. 339, 29 N. E. 487.)

"If there has been complicity between all of the defendants in the commission of the offense, the declarations by either after the commission of the offense could not be used as evidence against the other defendants." (*State v. Ah Tom,* 8 Nev. 213; *People v. Davis,* 56 N. Y. 95; *Sheppard v. Yoakum,* 10 Or. 402; *People v. Farrell,* 11 Utah, 414, 40 Pac. 703.)

Proof of other distinct and disconnected crimes of the same character by defendant is not admissible. (McClain's Crim. Law, sec. 461; *Janez v. People,* 159 Ill. 440, 42 N. E. 862; *Parkinson v. People,* 135 Ill. 401, 10 L. R. A. 91, 25 N. E. 764; *Towne v. People,* 89 Ill. App. 258; *People v. Lonsdale,* 122 Mich. 388, 81 N. W. 277.)

"Hearsay evidence cannot be received as proof of age, where the purpose of the evidence is to establish infancy as a defense." (1 Ency. of Evidence, 736; *People v. Mayne,* 118 Cal. 516, 62 Am. St. 256, 50 Pac. 654.)

D. C. McDougall, Attorney General, O. M. Van Duyn, J. H. Peterson, Assistant Attorneys General, and J. L. Richards, Prosecuting Attorney, for Respondent.

Evidence in regard to chastity of an infant complaining witness in rape cases is wholly irrelevant, incompetent and immaterial. (*State v. Anthony,* 6 Ida. 383, 55 Pac. 884; sec. 6082, Rev. Codes.)

It is not necessary that a conspiracy be proved for any particular purpose, but only necessary that a general community of interest and purpose is shown, and declarations are admissible, though conspiracy to commit the offense in question is not proved.

Several successive crimes committed during the conspiracy are merely regarded as parts of one, indivisible whole.

(Underhill on Criminal Evidence, secs. 491, 493.) In this case, the act charged in the information is but one of the parts of the general conspiracy. Courts are rarely limited in the admission of this kind of testimony, and a wide discretion is vested in the district judge. (Underhill on Criminal Evidence, sec. 494; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; 8 Cyc. 682.)

The general rule is that only the crime charged against the defendant in the information can be proved, but there are exceptions to this rule, and this is one of the exceptions. (*State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081.)

The facts of date and place or proof of birth may be shown by hearsay, or by reputation in the family, or it may be established circumstantially where the original records have been lost. (See sec. 1480, Wigmore on Evidence; 16 Cyc. 1124.)

AILSHIE, J.—The defendant was convicted of the crime of rape, committed on a female under the age of consent.

We shall deal with the exceptions by groups rather than separately.

The court properly sustained the objections to the questions asked by counsel for defendant, as to whether the prosecutrix had ever had sexual intercourse with anyone prior to the time she submitted to that relation with the defendant. The fact that this girl under the age of consent had had intercourse with other men, or even if she had become a common prostitute, would constitute no defense for the defendant. (Underhill on Cr. Ev., sec. 418; 10 Ency. of Ev., secs. 603 and 605; *People v. Abbott,* 97 Mich. 484, 37 Am. St. 360, 56 N. W. 862; *Plunkett v. State,* 72 Ark. 409, 82 S. W. 845; *People v. Wilmot,* 139 Cal. 107, 72 Pac. 838; *People v. Johnson,* 106 Cal. 293, 39 Pac. 622; *State v. Hilberg,* 22 Utah, 27, 61 Pac. 217.) If she was under the age of consent she could not have given legal consent to the violation of her person, and the fact that her person had been unlawfully and criminally violated by another would afford no justification for the defendant committing a like crime.

It is contended, however, that such evidence ought to be admitted for the purpose of throwing light on her credibility as a witness. While a lewd woman is less likely to be truthful than a chaste woman, still there is not such an immediate connection between unchastity and untruthfulness as to permit a woman's chastity to be called in question every time she goes on the witness stand. If she is to be impeached generally for untruthfulness, it must be done in the statutory way. (Sec. 6082, Rev. Codes.) Jurymen will get a very clear idea of the credibility of the witness from her demeanor and appearance and that mass of circumstances which must always appear to jurors from seeing and hearing a witness while testifying.

On the trial the state introduced evidence of statements and admissions made by Mrs. Hammock, the wife of defendant, some time after the commission of these several acts by him, in which Mrs. Hammock is reported as saying that she knew that the defendant had intercourse with the prosecutrix and that he had done so with other girls. The defendant objected to this evidence as hearsay and incompetent. The evidence was admitted on the theory that a conspiracy existed between the defendant Hammock and his wife, for the purpose of procuring girls to come to their house and thereby more easily enabling the defendant to have sexual intercourse with such girls. It is contended by the state that the conspiracy existed generally, and for the general purposes of illicit intercourse rather than specially with reference to any individual girl. In support of this position taken by the state the prosecutrix testified that Mrs. Hammock wrote for her to come and stay with the Hammocks and go to school, and the state produced a letter which corroborates this statement. The prosecutrix also testified that on the day of her arrival Mrs. Hammock told prosecutrix that Hammock would come to her bed that night and from time to time thereafter, and that she must submit to his wishes, and that if she did not she could not stay there. The evidence also shows that the prosecutrix is the niece of the Hammocks, and had no money with which to pay the fare back to her father's or to secure

lodging elsewhere. The state also proved by other witnesses, who were neighbors and acquaintances of the Hammocks, that after this occurrence became noised about Mrs. Hammock told them of the illicit relation, and that they had had girls there for the purpose of gratifying Hammock's lust, and that they tried to get at least one other from Boise; that they never secured an innocent girl for such purpose, but someone who had already become bad and immoral. It appears by the record, if not by positive terms and assertions, then by inference and the trend of the testimony, that Hammock is a sensual man, bent only on the gratification of his lust, and that the wife, either for the purpose of relieving herself and escaping from at least a part of his bestial lust, or from fear and intimidation, lent herself to the plan of procuring girls to come and stay at the Hammock home, so that her husband might the more readily commit these crimes. Much of this story is almost inconceivable, but its credibility rested with the jury, and there was clearly enough, if it was to be believed at all, to go to the jury for the purpose of establishing a conspiracy. The fact that the wife herself was physically incapable of committing the rape would not prevent her becoming a conspirator to aid the accomplishment of the criminal design by the husband. (*State v. Jones,* 83 N. C. 605, 35 Am. Rep. 586; *Kessler v. Commonwealth,* 12 Bush (Ky.), 18; McLain Cr. Law, sec. 449; 1 Bishop Cr. Law, sec. 689.) If a conspiracy has been established, it is reasonable to believe that it was general, as contended by the state. If it was general, then the statements and declarations made by Mrs. Hammock after this specific crime was committed and during the existence of the common design were admissible as coming from a co-conspirator.

The evidence submitted by the state was sufficient to justify the jury in finding that the prosecutrix, Mary Lois Jones, was under the age of consent at the time of the commission of the alleged crime.

The evidence as to the commission by the defendant of other like crimes was not inadmissible, as it occurred in this case. This evidence developed while the state was proving

the statements and declarations made by Mrs. Hammock with reference to this specific crime, and the conduct and habit of the defendant in the accomplishment of the general purpose of gratifying his lust on this and other girls, and to the furtherance of which purpose and design Mrs. Hammock seems to have lent her aid and assistance. Any evidence of other crimes which developed was so intimately and inseparably connected with the circumstances of this specific offense as to render it admissible as a part of the common criminal design, all of which was necessarily admissible in order to get a clear understanding of the situation of the parties and the probable truth or falsity of this charge.

We find no error that calls for a reversal of this judgment. The judgment should be affirmed, and it is so ordered.

Sullivan, C. J., concurs.