STATE, Respondent, v. LOUIS C. LARSEN, Appellant.

[246 Pac. 313.]

CRIMINAL LAW — RAPE — EVIDENCE OF PRIOR OFFENSE — PREJUDICIAL
ERROR IN ADMISSION OF EVIDENCE—WITNESSES—LEADING QUES-
TIONS—COURT'S CONTROL OVER EXAMINATION.

1. Proof that defendant attempted, three years previously, to
commit sexual crime on another female, does not show design
or intent to perpetrate a rape on prosecutrix.

2. In criminal prosecutions involving sexual crimes, it is not
permissible to show evil disposition inclining defendant toward
that particular crime, by acts totally disassociated with, and far
remote in time from, act of which he is accused, and against
different female.

3. Submission of testimony in rape prosecution, tending to
show that defendant, three years previously, made assault on
different female with intent to commit rape, was prejudicial.

4. Matter of control of trial court over form of questions pro-
pounded is largely discretionary, and, in absence of clear abuse
of discretion and apparent prejudice to rights of defendant, its
ruling will not be disturbed on appeal.

5. Although ordinarily leading questions are objectionable,
exception will be made where young and unsophisticated girl
testifies as to details of crime of rape.

APPEAL from the District Court of the Fifth Judi-
cial District for Bannock County. Hon. Robert M. Ter-
rell, Judge.

Publisher's Note.

1. Proof of other offenses, see notes in 62 L. R. A. 228; 48
L. R. A., N. S., 238; 8 Ann. Cas. 460; 18 Ann. Cas. 443. See, also,
22 R. C. L. 1204.

Discretion of court in permitting leading questions, see note in 17
Ann. Cas. 840.

5. See 28 R. C. L. 590.

See Criminal Law, 16 C. J., sec. 1194, p. 608, n. 97; p. 610, n. 17;
17 C. J., sec. 3584, p. 245, n. 70; sec. 3662, p. 320, n. 37.

Witnesses, 40 Cyc., p. 2409, n. 66; p. 2429, n. 31.

Louis C. Larsen was convicted of statutory rape, and he appeals. *Reversed* and *remanded.*

W. B. Yates, for Appellant.

Leading questions should only be asked on direct examination in the following cases: The unwilling witness, the timid witness, the hostile witness and the forgetful witness. (Underhill's Crim. Evidence, 3d ed., sec. 343, and cases there cited.)

In cases of this character the weight of authority seems to be that evidence of prior acts of the prosecutrix and defendant are inadmissible, and *a fortiori* prior acts of the defendant and a third party; which acts are shown to have occurred some four years prior to the offense of which the defendant stands charged should be excluded. (*State v. Anthony,* 6 Ida. 383, 55 Pac. 884; *State v. Start,* 65 Or. 178, 132 Pac. 512, 46 L. R. A., N. S. 266; *People v. Leotile* 31 Cal. App. 166, 159 Pac. 1057; *People v. Wyett,* 49 Cal. App. 289, 193 Pac. 153; *Dunscombe v. State* (Okl. Cr.), 197 Pac. 1073; *People v. Barnes,* 48 Cal. 551; *People v. McNutt,* 64 Cal. 116, 28 Pac. 64; 1 Wigmore, Evidence, sec. 357; vol. 4, secs. 2062–2064; 4 Elliott, Evidence, sec. 3103; 23 Am. & Eng. Ency. of Law, 2d ed., 247, 871; Wharton, Crim. Evidence, 9th ed., sec. 30; McKelvey, Evidence, 144, 145; *Ingram v. State,* 39 Ala. 247, 84 Am. Dec. 782; *Butt v. State,* 81 Ark. 173, 118 Am. St. 42, 98 S. W. 723; *People v. Jennings,* 252 Ill. 534, 96 N. E. 1077, 43 L. R. A., N. S., 1206; *People v. Gibson,* 255 Ill. 302, 99 N. E. 599, 48 L. R. A., N. S., 236; *Strong v. State,* 86 Ind. 208, 44 Am. Rep. 292, and note; *State v. Holland,* 120 La. 429, 14 Ann. Cas. 692, 45 So. 380; *Commonwealth v. Campbell,* 7 Allen (Mass.), 541, 83 Am. Dec. 705; *State v. Hyde,* 234 Mo. 200, Ann. Cas. 1912D, 191, 136 S. W. 316; *State v. Lapage,* 57 N. H. 245, 24 Am. Rep. 69; *Bullock v. State,* 65 N. J. L. 557, 86 Am. St. 668, 47 Atl. 62; *People v. Molineux,* 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, and note; *State v. Murphy,* 17 N. D. 48, 16 Ann. Cas. 1133, 115 N. W. 84, 17 L. R. A., N. S., 609; *State*

v. *Dickerson*, 77 Ohio, 34, 122 Am. St. 479, 11 Ann. Cas. 1181, 82 N. E. 969, 13 L. R. A., N. S., 341, and cases there cited; *Skidmore v. State*, 57 Tex. Cr. 497, 123 S. W. 1129, 26 L. R. A., N. S., 466; *Clark v. State*, 59 Tex. Cr. 246, 128 S. W. 131, 29 L. R. A., N. S., 323; *State v. Kelley*, 65 Vt. 531, 36 Am. St. 884, 27 Atl. 203.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

The allowance of leading questions rests in the discretion of the trial court and a case will not be reversed on this ground unless there is a manifest abuse of discretion. (*State v. Nolan*, 31 Ida. 71, 169 Pac. 295; *Pedersen v. Moore*, 32 Ida. 420, 184 Pac. 475.)

Where the offense consists of rape upon a female under the age of consent, evidence of previous acts occurring prior to the offense alleged is admissible as having a tendency to render it more probable that the crime charged was committed, though evidence of such crimes would be inadmissible as independent testimony. (*State v. Lancaster*, 10 Ida. 410, 78 Pac. 1081.)

ADAIR, Commissioner.—Defendant was convicted of the crime of statutory rape. The assignments of error may be briefly summarized and grouped under three heads, namely: (1) Error in permitting the state to introduce evidence of an alleged attack by defendant upon another girl, some years prior to the alleged criminal act for which he was on trial; (2) error in permitting the prosecuting attorney to ask leading questions of the prosecutrix; (3) insufficiency of the evidence, in that the testimony of the prosecutrix was uncorroborated, although she was impeached.

In reference to the first assignment of error the record shows that the state submitted testimony, over the objection of defendant, tending to prove that defendant made an assault with an intent to commit rape upon one Rachael Black, another girl of tender years, about three years pre-

vious to the time it is alleged the crime for which he was being tried had been committed. This incident was not connected, in the slightest degree, with the crime of which he was accused in the information, but was an entirely distinct and separate offense, very remote in time, and absolutely unrelated in every respect and from every viewpoint.

[1] Proof that he attempted to commit another sexual crime three years previously, upon another female, does not show any design or intent to perpetrate a rape three years later upon the present complainant; neither does it prove or tend to prove that he had since that time committed the particular crime upon the prosecutrix.

[2] In criminal prosecutions, involving sexual crimes, it is not competent or permissible to show an evil disposition inclining defendant toward that particular crime, by acts totally disassociated with, and far remote in time, from the act of which he is accused, and against an entirely different female. It is utterly repugnant to fairness and justice to accuse a person with the perpetration of a specific and definite crime, and then make that a pretext for trying him, without notice, for another alleged offense against which he is unprepared to defend, thereby producing a prejudice and bias against him in the minds of the jury.

In the very recent case of *State v. Wheeler*, 41 Ida. 212, 238 Pac. 312, involving a charge of robbery, this court held that evidence of a threat or proposal to commit another robbery two months previously was too remote and unrelated to the crime charged in the information to have been admissible under any possible theory, and concluded that the defendant was thereby deprived of a fair and impartial trial.

It is a rule so well settled that in a prosecution for such crime, evidence which in any manner shows or tends to show that the accused has committed another crime, wholly independent of, and unrelated to, that for which he is on trial, even though a crime of a similar nature, is irrelevant

and inadmissible, that a citation of authorities, *in extenso,* would answer no useful purpose. As well considered cases, directly in point and correctly stating the law on this proposition, we will here refer to the following: *State v. Williams,* 36 Utah, 273, 103 Pac. 250; *State v. Start,* 65 Or. 178, 132 Pac. 512, 46 L. R. A., N. S., 266; *Dunscombe v. State* (Okl. Cr.), 197 Pac. 1073.

[3] In this case I think the testimony of Rachael Black was highly prejudicial, and may have had a controlling influence on the jury in their consideration of the question of the guilt of defendant. For this reason I think the judgment should be reversed.

It is unnecessary for us to consider the other assignments of error. However, because this cause should be remanded for a new trial, I think I should state that [4] the matter of the control of the trial court over the form of questions propounded is largely discretionary, and in the absence of a clear abuse of discretion, and apparent prejudice to the rights of defendant, its ruling will not be disturbed on appeal. In this trial the presiding judge evidently deemed it necessary to very forcefully and pointedly caution and admonish the prosecutrix that she must answer the questions asked her, and I do not think that the form of the questions, particularly those directed to the intimate and embarrassing details of the alleged crime, were objectionable on the ground that they were leading. It does not appear from the record that it should have been necessary to resort to leading questions to the extent they were employed in this case, throughout the examination of the complaining witness, but I am unable to judge of the entire and exact situation which prevailed at the trial, and cannot say that the trial court erred in this regard. [5] Ordinarily leading questions are objectionable, but there are exceptions to this rule particularly applicable to this kind of action, prosecuted on the complaint of a young and unsophisticated girl, usually reticent about testifying in public as to the revolting details of such a crime.

At this time we are not called upon to determine the sufficiency of the evidence.

The judgment should be reversed and I recommend that the cause be remanded for a new trial.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded for a new trial.