(No. 7050. March 17, 1943.)

STATE, Respondent, v. RICHARD HAYNES, Appellant.

[135 Pac. (2d) 300.]

Earl E. Garrity for appellant.

Bert H. Miller, attorney general, J. R. Smead, assistant attorney general, and V. K. Jeppesen, for respondent.

GIVENS, J.—Appellant urges the evidence is insufficient to sustain his conviction of burglary in the second degree and being a persistent violator because of the following inconsistency and contradiction in the proof submitted by the state, the appellant offering no evidence.

Appellant was charged with burglary as of the 28th of March, 1942, and was sufficiently identified as having entered the complaining witnesses' house on that day, without the owners' consent and against their will and without their permission. To prove the essential larcenous intent (Sec. 17-3401, I. C. A.) the state relies upon evidence of the police officers at Nampa that there was taken from his possession on his arrest in Nampa, March 22, a billfold belonging to the complaining witnesses and which was kept in a dresser drawer in their premises; in other words, that possession of recently stolen property, unexplained, prima facie proves larceny. (*State v. Bates,* (Ida.) 117 P. (2d) 281.) It is thus the state's theory that appellant purloined the pocketbook at the time of his entry on March 28. If appellant at the time of his entry on March 28 did not enter the building with intent to commit larceny, he was, of course, so far as the situation here in concerned, not guilty of burglary. The state, however, produced positive evidence that the police officers took the billfold from appellant March 22, six days before the crime was alleged to have been committed and, so far as the proof shows, entry effected, i.e., March 28, and retained it in their possession up to the time of the trial.

In the billfold at the time it was taken off of appellant in the jail in Nampa was a driver's license issued to one Loveland (claimed by the state to be appellant's alias) dated May 11, 1942, a date subsequent to the time they took the billfold from appellant. The state justifies conviction upon this contradictory set of circumstances, all produced by it, on the theory that either Mrs. McBride or the police officers were mistaken as to their dates. No explanation, however, or reconcilement of these contradictions is in the record.

Conviction of a defendant in a criminal case may not rest upon the necessity of such inferences and conjectures directly contradicting the record. If there were explanations which reconcile the situation, they should have been presented to the jury.

An added reason for coming to this conclusion is the contention of the state that the evidence by logical inference discloses that the appellant was in the custody of the sheriff March 28. If he was in jail in the custody of the sheriff March 28, he could not, of course, have committed the crime alleged to have been perpetrated on that day.

The state is bound by its evidence, and where it is directly contradictory, as herein, a conviction cannot stand. (*State v. Darrah,* 60 Ida. 479, 92 P. (2d) 143; *State v. Newton,* 39 Wash. 491, 81 P. 1002; *Jackson v. State,* 12 Okla. Crim. 446, 158 P. 292; *State v. Butler,* 38 N. M. 453, 34 P. (2d) 1100.)

The judgment is reversed and the cause remanded for a new trial.

Holden, C.J., Ailshie and Dunlap, JJ., concur.