347 P.2d 117

STATE of Idaho, Plaintiff-Respondent,

v.

John (Jack) KOMBOL, Defendant-Appellant.

No. 8790.

Supreme Court of Idaho.

Dec. 1, 1959.

Frank L. Benson, Atty. Gen., Wm. Swope, Asst. Atty. Gen., Jedd G. Owens, Asst. Atty. Gen., Owen L. Knowlton, Pros. Atty., Lewiston, for respondent.

D. K. Worden, Jr., Lewiston, for appellant.

**532**

KNUDSON, Justice.

Appellant is charged by the information with the crime of grand larceny committed on the 12th day of December, 1958, in Nez Perce County, by intentionally and feloniously taking, stealing and carrying away certain personal property of C. C. Anderson Company store in Lewiston.

The arresting officer first observed appellant in front of the C. C. Anderson store in Lewiston at about nine P.M. on December 12, 1958, at which time appellant appeared to be intoxicated. The officer followed him for some distance, then placed him under arrest for being intoxicated. At the time of his arrest appellant was carrying a paper sack containing twenty-one pairs of nylon hose and he had a transistor radio concealed in an inner leg with a drawstring, sewed to the inside of the trousers he was wearing. Following his arrest the officers learned that he had been living at the Lewiston Hotel where they then called. The manager of the hotel informed the officers that appellant had on that day left with him for storage three men's shirts and three women's sweaters which were on that occasion turned over to the officers by the manager. Appellant had registered at the hotel under an assumed name. Appellant was charged with the crime of grand larceny for the theft of the nylon hose, shirts and sweaters heretofore mentioned. The case was tried to a jury and appellant neither offered nor introduced any evidence in his behalf. A verdict of guilty was returned and judgment entered thereon, from which this appeal is taken.

Appellant contends that the evidence is insufficient to sustain the verdict in that the state failed to prove the two essential elements of the corpus delicti of the offense charged. If sufficient direct or circumstantial evidence has been introduced to satisfy the minds of the jury beyond a reasonable doubt that the crime charged has been committed, the corpus delicti has been established. State v. Brassfield, 40 Idaho 203, 232 P. 1. Some of the facts tending to establish the corpus delicti in this case are that when defendant was first observed by the arresting officer, at approximately nine P.M. on the date it is alleged the offense was committed, he was in front of the C. C. Anderson store. A short time prior on the same date the defendant, who at that time was a guest at the Lewiston Hotel registered under an assumed name, handed the shirts and sweaters here involved to the hotel manager requesting that they be put in the hotel storeroom for him. Mr. Ken Cunnington as manager of the C. C. Anderson store at Lewiston testified that said shirts

and sweaters came from the C. C. Anderson store of which he was the manager and that their combined value exceeded $60. He further testified that there is no record of said shirts, sweaters or nylon hose being sold on the day they were picked up by the officers. When appellant was arrested he was wearing trousers inside of which had been sewed an inner-leg which could be closed with an attached drawstring in which he had concealed a transistor radio positively identified as having been taken from a local business place on that date. Such evidence coupled with the unexplained possession of said articles by appellant is sufficient to establish the corpus delicti. In State v. Brassfield, supra, this Court stated [40 Idaho 203, 232 P. at page 4]:

"It has been said, and we think correctly, that the presumption arising from the possession of the fruits of the crime shortly after its commission, which in all cases is one of fact rather than law, is occasionally so strong as to render unnecessary any direct proof of the *corpus delicti*."

The evidence tending to prove the larceny was not in any respect contradicted. Appellant offered no explanation whatever regarding his possession of the property allegedly stolen. In State v. Sanford, 8 Idaho 187, 67 P. 492, this Court first announced that the possession of recently stolen property is a circumstance from which, when unexplained, the guilt of the accused may be inferred. This pronouncement of the law has been many times reaffirmed by this Court. See State v. Bogris, 26 Idaho 587, 144 P. 789; State v. Davis, 57 Idaho 413, 65 P.2d 1385. In State v. Gilbert, 65 Idaho 210, 142 P.2d 584, 588, this Court said:

"In the absence of satisfactory explanation by appellant as to the fact and circumstance of possession, this raised a presumption that he committed the larceny."

In State v. Haynes, 64 Idaho 627, 135 P.2d 300, this Court said:

" * * * that possession of recently stolen property, unexplained, prima facie proves larceny."

In State v. Hewitt, 73 Idaho 452, 254 P.2d 677, it is stated:

"Unless possession of recently stolen property is satisfactorily explained, there arises a presumption of guilt."

Appellant assigns as error the ruling of the trial court admitting evidence of the larceny of an article not mentioned in the information. The uncontradicted evidence complained of established that the defendant, only a few minutes before he was arrested, staggered through the doorway of another business house known as Tollenaar's and fell into the display window. He appeared to be intoxicated and left the store after a brief stay. Shortly after his departure, it

was discovered that a Royal 300 Zenith all-transistor radio, which had been in said display window, was missing. Said radio, positively identified, was found on the person of the defendant at the time of his arrest. The assignment is without merit for the reason that the evidence complained of tends to establish intent, motive and a common scheme on the part of defendant. In State v. Emory, 55 Idaho 649, 46 P.2d 67, 69, this Court stated:

"Evidence of other offenses is admissible when such evidence tends directly to establish the particular crime; likewise, evidence of other like crimes is usually competent to prove the specific crime when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others."

See, also, State v. O'Neil, 24 Idaho 582, 135 P. 60; State v. Montgomery, 48 Idaho 760, 285 P. 467; State v. Stratford, 55 Idaho 65, 37 P.2d 681; State v. Dunn, 60 Idaho 568, 94 P.2d 779; State v. Mundell, 66 Idaho 297, 158 P.2d 818; State v. Proud, 74 Idaho 429, 262 P.2d 1016; State v. McCallum, 77 Idaho 489, 295 P.2d 259; State v. Polson, 81 Idaho 147, 339 P.2d 510.

■ Error is assigned to the giving of instruction No. 4, to-wit:

"If several articles are taken from the same place as a result of a single purpose or impulse, the mere fact that from convenience or necessity the thief makes several trips to carry them away does not transform the offense from a single one to separate and distinct larcenies."

Appellant contends that there was no evidence that the defendant made any number of trips to the C. C. Anderson store. Such contention is not sustained by the record. The evidence disclosed that defendant had possession of the shirts and sweaters several hours before his arrest when he gave them to the hotel manager to be stored and there is no evidence that he had possession of the nylon hose at that time. However, he did have the nylon hose in his possession at the time of his arrest. Such evidence would tend to prove that he made more than one trip to the same store in order to obtain the articles specified in the information.

■ Appellant's assignments Nos. 4 and 5 complain of instructions Nos. 5 and 6 which are as follows:

"Instruction No. 5
"You are instructed that in determining the value of the property taken, you may consider the aggregate value or total value of all the property taken even though you find that the property was taken at different times, if you find the property was taken pursuant to a general larcenous scheme."

"Instruction No. 6

"You are instructed that the value of the articles means their market value or their reasonable selling price at the time of theft, and place of theft, and in determining the value of the articles taken, you will consider their value in the aggregate if you find they were taken pursuant to a general larcenous scheme."

Appellant's contention is that said instructions may have misled the jury into believing that they might consider the radio in determining the value of the property which the defendant is charged with stealing. The court specifically instructed the jury that the defendant was charged with the larceny of certain personal property taken from the C. C. Anderson Company and specified the property as being twenty-one pairs of nylon hose, three women's sweaters and three men's shirts. After specifying said articles the instruction further directed that it was charged that said property had a value in excess of $60. It will be noted that the instruction limits the property to specific articles which were allegedly taken from the C. C. Anderson store whereas the evidence is clear that the radio was taken from Tollenaar's store. The jury was also instructed that all instructions given should be read and construed together. No evidence was introduced as to the value of the radio. The only and uncontradicted evidence as to the value of any property allegedly stolen was submitted by the manager of the C. C. Anderson store which was in connection with the shirts and sweaters involved and that the aggregate value of those items exceeded $60. No clarifying instructions were requested and there is nothing in the record to indicate that the jury was in any way misled. Having found no error after a thorough examination of the record we conclude that the judgment appealed from should be and is affirmed.

PORTER, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.