819 P.2d 1143

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lawrence E. MOORE, Defendant–Appellant.**

**No. 18096.**

Supreme Court of Idaho,
Boise January 1991 Term.

Oct. 1, 1991.

Rehearing Denied Dec. 5, 1991.

Alan E. Trimming, Ada County Public Defender, Chris Kronberg, Deputy Public Defender, Boise, for defendant-appellant. Chris Kronberg argued.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael J. Kane argued.

BOYLE, Justice.

In this criminal case we are called upon to determine whether it was an abuse of the district court's discretion to deny defendant's motion in limine regarding evidence of prior uncharged sexual misconduct.

## I.

The appellant, Lawrence E. Moore, was charged with lewd conduct with a minor and sexual abuse of a child allegedly involving sexual conduct with his granddaughter during the period between February, 1984, and May, 1985, when the child was six or seven years of age.

Moore initially pled innocent to both charges, and filed a motion in limine to prevent the State from introducing evidence of alleged prior sexual misconduct with his daughter and stepdaughter. The State sought to introduce evidence that Moore had allegedly engaged in uncharged sexual misconduct with his stepdaughter during the period from 1977 to 1981, when she was between five and nine years of age. The State also proffered evidence that Moore had allegedly engaged in similar misconduct with his daughter during the period from 1969 to 1973, when she was between the ages of nine and thirteen. The district court denied Moore's motion in limine on the basis that the evidence showed a common scheme or plan, was probative of Moore's motives or lustful disposition toward children, and was indicative of specific intent. Upon the court's denial of his motion, Moore entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2) [1]. The charge of sexual abuse of a child was subsequently dismissed and Moore was sentenced to a term of not less than three years and not more than fifteen years on the lewd conduct charge. Moore now appeals the district court's ruling that the evidence of this alleged uncharged sexual misconduct is admissible.

## II.

On Moore's motion in limine, the trial court ruled that the testimony concerning

---

1. I.C.R. 11(a)(2) provides:
   **Rule 11. Pleas.**—(a) Alternatives.
   (2) Conditional Pleas. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

prior sexual misconduct was admissible under I.R.E. 404(b)[2] because it showed: 1) a common criminal plan involving appellant and young female children in his household; 2) was probative of appellant's motives or lustful disposition toward young children for satisfaction of his sexual desires; and 3) was indicative of specific intent, and negates a contention that the acts might have been innocent or mistakenly construed.

Moore asserts on appeal that the testimony regarding the prior uncharged sexual misconduct with his daughter and stepdaughter did not fall within any of the exceptions listed in I.R.E. 404(b); and that the probative value, if any, was substantially outweighed by its prejudicial impact.

Generally, evidence of other criminal acts or offenses is inadmissible to prove the character of a person in order to show that he committed the crime for which he is on trial. I.R.E. 404(b); *State v. Martin*, 118 Idaho 334, 796 P.2d 1007 (1990); *State v. Needs*, 99 Idaho 883, 591 P.2d 130 (1979); *State v. Wrenn*, 99 Idaho 506, 584 P.2d 1231 (1978). However, such acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." I.R.E. 404(b); *see also State v. Paradis*, 106 Idaho 117, 676 P.2d 31 (1984); *State v. Wrenn*, 99 Idaho 506, 584 P.2d 1231 (1978); *State v. Hatton*, 95 Idaho 856, 522 P.2d 64 (1974); *State v. Shepherd*, 94 Idaho 227, 486 P.2d 82 (1971); *State v. Kombol*, 81 Idaho 530, 347 P.2d 117 (1959).

A two-tiered analysis is used to determine the admissibility of evidence concerning uncharged misconduct. First, the evidence must be relevant to a material and disputed issue concerning the crime charged. Second, the court must determine whether the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant. I.R.E. 403; *State v. Sharp*, 101 Idaho 498, 616 P.2d 1034 (1980); *State v. Winkler*, 112 Idaho 917, 736 P.2d 1371 (Ct.App.1987); *State v. Roach*, 109 Idaho 973, 712 P.2d 674 (Ct.App.1985). This balancing process is within the discretion of the trial judge. *State v. Abel*, 104 Idaho 865, 664 P.2d 772 (1983).

In the instant case, the trial court denied Moore's motion in limine on the basis that the proposed testimony demonstrated a common criminal plan or scheme on Moore's part which was probative of his motives or lustful disposition, and was indicative of the specific intent required for a conviction. After a careful review of the record and the authorities, we hold that there was no abuse of discretion by the trial court in ruling that the proffered testimony demonstrated a common scheme or plan. The testimony demonstrates Moore's general plan to exploit and sexually abuse an identifiable group of young female victims. The testimony by Moore's daughter, stepdaughter and that of his granddaughter, the victim, reveals a continuing series of alleged similar sexual encounters directed at the young female children living within his household. *See generally State v. Maylett*, 108 Idaho 671, 701 P.2d 291 (Ct.App.1985); *State v. Boothe*, 103 Idaho 187, 646 P.2d 429 (Ct.App.1982).

With regard to relevancy, the proffered testimony is relevant to the issue of credibility and corroboration of the victim's testimony. Although corroboration is no longer mandatorily required in all sex crime cases,[3] corroborating evidence may still be relevant, particularly in sex crime cases involving minor victims. *State v.*

---

2. I.R.E. 404 provides as follows:
   **Rule 404. Character evidence not admissible to prove conduct; exceptions; other crimes.—**
   ....
   (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

3. In *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981), this Court eliminated the mandatory requirement of corroboration in sex crime cases in Idaho.

*Schwartzmiller,* 107 Idaho 89, 685 P.2d 830 (1984); *see also Soper v. State,* 731 P.2d 587 (Alaska App.1987); *People v. Covert,* 249 Cal.App.2d 81, 57 Cal.Rptr. 220 (Ct.App.1967). Corroborative evidence in sex crime cases involving youthful victims is often times necessary to establishing the credibility of a young child. Too often the determination of the case rests strictly upon establishing that the victim's testimony is more credible than that of the alleged perpetrator. As was discussed in a UCLA law review article,

> [A]dmission of corroborative evidence serves the dual purpose of reducing the probability that the prosecuting witness is lying, while at the same time increasing the probability that the defendant committed the crime.

*Other Sex Offenses,* 25 UCLA L.Rev. 261, 286 (1977).

Past decisions by this Court spanning more than eighty years have held that evidence of prior sexual misconduct is admissible where relevant to the parties' credibility. In *State v. Hammock,* 18 Idaho 424, 110 P. 169 (1910), it was held:

> Any evidence of other crimes which developed was so intimately and inseparably connected with the circumstances of this specific offense as to render it admissible as a part of the common criminal design, all of which was necessarily admissible in order to get a clear understanding of the situation of the parties and the probable truth or falsity of this charge.

18 Idaho at 429, 110 P. at 170. Where relevant to the credibility of the parties, evidence of a common criminal design is admissible. *State v. Hammock, id.* In addition, in *State v. Schwartzmiller,* 107 Idaho 89, 685 P.2d 830 (1984), this Court held:

> Evidence of similar acts of sexual misconduct between a defendant and the victim or between the defendant and another witness is admissible for corroboration of the victim's testimony in sex crime cases.

107 Idaho at 93, 685 P.2d at 834.

In the instant case, the proposed testimony regarding acts of abuse previously inflicted by Moore upon other female children in the victim's household corroborates her testimony. Evidence of all the incidents of abuse, taken together, may provide an evidentiary plan or pattern that tends to make the alleged incidents more plausible and probable. Accordingly, we hold that the district court did not err in denying Moore's motion in limine.

Moore asserts that even if the uncharged misconduct evidence constitutes evidence of a common scheme or plan and admissible under I.R.E. 404(b), that the incidents in question are too remote in time to be relevant. We disagree.

The issue of remoteness generally goes to the weight of the evidence, not its admissibility. *State v. Martin,* 118 Idaho 334, 796 P.2d 1007 (1990). In *State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (Ct.App.1982), evidence of sexual abuse of the victim's sisters over a five-year period which ended approximately one year prior to the incident for which the defendant was prosecuted, was held to be not too remote in time to be admissible. In *Boothe,* the Court of Appeals held that evidence of the prior acts was admissible because they were part of his plan to use his granddaughters to gratify his sexual desires. In so holding, the court cited with approval the cases of *State v. Maestas,* 224 N.W.2d 248 (Iowa 1974), and *Staggers v. State,* 120 Ga.App. 875, 172 S.E.2d 462 (1969).

In *Maestas,* the defendant father was charged with lewd and lascivious conduct with a minor. Evidence that the victim's older sisters suffered similar abuse by the defendant was held admissible even though those incidents occurred six and ten years prior to the incident giving rise to the prosecution. In *Maestas,* the testimony was said to be not too remote because of the intrafamilial nature and similarity of place of the defendant's misconduct. The occurrences of abuse of the victim's sisters was held to be strongly probative of defendant's common scheme to sexually exploit his daughters each time the occasion arose as they attained pubescence.

Likewise, in *Staggers v. State*, 120 Ga. App. 875, 172 S.E.2d 462 (1969), testimony that the defendant had abused two of the victim's sisters seven and fourteen years previous to trial was held admissible. The court in *Staggers* held,

> [W]here there is a five year age difference between two daughters, the next opportunity to commit a similar offense will be five years away. We cannot say that there was no logical connection between the defendant's molesting of his two daughters at exactly the same ages and over the same general period in their lives.

*Id.* at 172 S.E.2d 464.

In *State v. Martin*, 118 Idaho 334, 796 P.2d 1007 (1990), sex offenses occurring ten and twelve years before the charged sex offense were held admissible. In *Martin*, the defendant had been incarcerated for his first sexual assault in 1977, and was released on probation in June of 1979. Within one month he committed the second sexual assault for which he was convicted and committed to prison until some time in July of 1987. Within two months after his release from that imprisonment he committed another similar sexual assault. In that situation, we held that the attenuation from remoteness is less significant where the defendant has spent the intervening time in prison.

In the instant case the incidents of sexual abuse occurred at approximately the same age for each girl in the household. The defendant's daughter suffered the abuse by Moore beginning in 1969, when she was nine years old, and it continued into 1973. The stepdaughter was eight years old when the abuse began in 1979 and continued until some time in 1981. The alleged abuse of the defendant's granddaughter began when she was seven years of age, and is alleged to have occurred between February, 1984 and May, 1985.

The testimony demonstrates an alleged continuous chain of similar events, each occurring during the period of time Moore had an opportunity to commit similar offenses. This situation is similar to that in *Martin* in that the incidents of abuse occurred only at periods when Moore allegedly had the opportunity to commit the offenses. The fact that the daughter's abuse ended approximately eleven years prior to the alleged instant offense, and the stepdaughter's abuse ended approximately three years prior to the instant offense, does not necessarily make the evidence of those acts irrelevant or unfairly prejudicial. The attenuation from remoteness is less significant because during the intervening years Moore had limited opportunities to enact the alleged plan of sexual abuse of young female girls in his household. The opportunity to enact his plan or scheme of sexual abuse allegedly occurred only when there was a minor female present in his home and when she reached an appropriate age for Moore's designs. Under the unique factual circumstances of this case we hold that evidence of the prior uncharged offenses of sexual conduct occurring approximately eleven years and three years prior to the charged offense is not too remote to be admissible.

Accordingly, we hold that the probative value of the proposed testimony was sufficient to outweigh its prejudicial impact on the defendant and that the trial court did not abuse its discretion in denying Moore's motion in limine on the basis that the offenses demonstrated a common scheme or plan.

We find no error or abuse of discretion by the trial court in denying the motion in limine on the basis that the evidence of prior sexual misconduct demonstrates a common scheme or plan. The district court's order denying defendant's motion in limine is affirmed

BAKES, C.J., and McDEVITT, J. concur.

BISTLINE, Justice, dissenting from the majority opinion, and specially concurring in Justice JOHNSON's dissenting opinion.

Justice Johnson benefits the Court admirably in setting forth the reasons why the evidence here did not fall within any of the listed exceptions to the I.R.E. 404(b) prohibition against other bad acts evidence. Having participated in this Court's *State v. Wrenn* opinion, and having authored the

opinion for this Court in *State v. Byers*, my recollection of those two opinions wholly substantiates the views which Justice Johnson expresses today.

However, more needs to be said about the majority's analysis of the Rule, and, accordingly, this opinion is confined to a critique of the majority views. Even assuming the majority is correct in holding the evidence fell within one of the I.R.E. 404(b) exceptions, that holding does not end all analysis. The next step, and the one the majority only summarily takes, is to weigh the prejudicial effect of the evidence against its probative value. *State v. Sharp*, 101 Idaho 498, 501–02, 616 P.2d 1034, 1037–38 (1980). It is vital for our trial courts to engage in this balancing test before admitting I.R.E. 404(b) evidence.

Balancing the prejudice against the probative value is especially vital in sex abuse cases where the possibility for unfair prejudice is at its highest.

> Once the accused has been characterized as a person of abnormal bent, driven by biological inclination, it seems relatively easy to arrive at the conclusion that he must be guilty, he could not help but be otherwise.

Slough and Knightly, *Other Vices, Other Crimes*, 41 Iowa L.Rev. 325, 333–34 (1956).

These considerations were not sufficiently addressed in the majority's opinion. There is no indication that the majority even considered the prejudicial effect of the evidence as no mention of it is made until it conclusively states the *ipse dixit*, without analysis, that the probative value of the evidence outweighs the prejudicial effect. If the majority truly sees that probative value does outweigh the prejudicial effect, then the majority should point to the reasons why that is so. If it does not view the probative value as outweighing prejudicial effect, that is yet another reason why the appellant's motion *in limine* should have been granted.

JOHNSON, Justice, dissenting.

I respectfully dissent from the Court's opinion. In my view, the evidence of Moore's prior sexual misconduct was not admissible under either the "common scheme or plan" exception to I.R.E. 404(b) or because it corroborated the victim's testimony.

### COMMON SCHEME OR PLAN

I.R.E. 404(b) provides an exception to the rule prohibiting evidence of other crimes, wrongs, or acts where the evidence is offered as proof of a "plan." This exception finds support in the decisions of this Court that predate the adoption of our Rules of Evidence in 1985. In *State v. Abel*, 104 Idaho 865, 869, 664 P.2d 772, 776 (1983), the Court noted this exception:

> Idaho has long embraced the general rule that evidence of other criminal acts or offenses is inadmissible to show criminal propensity. Idaho has also recognized certain exceptions to this rule: evidence of other crimes is admissible if relevant to issues of (1) motive, (2) intent, (3) absence of mistake or accident, (4) *common scheme or motive*, (5) identity, and (6) other similar issues.

(Citations omitted) (emphasis supplied).

*State v. Wrenn*, 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978) contains a more complete statement of the exception as it had been developed by this Court before the adoption of our Rules of Evidence:

> Evidence of other unrelated criminal activity of the accused is generally inadmissible to show that the accused committed the crime for which [the accused] is on trial. Only in limited areas is evidence of past criminal activity allowed to come before the jury. Evidence of other crimes is admissible when relevant to prove:
>
> (1) motive, (2) intent, (3) the absence of mistake or accident, (4) *a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other*, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues.

(Citations omitted) (emphasis supplied).

The description of the common scheme or plan exception in *Wrenn* is identical to the

description in *State v. Hatton*, 95 Idaho 856, 864, 522 P.2d 64, 72 (1974), *State v. Shepherd*, 94 Idaho 227, 230, 486 P.2d 82, 85 (1971), and *State v. Montgomery*, 48 Idaho 760, 768, 285 P. 467, 469 (1930).

Earlier decisions of this Court considered the admissibility of other crimes evidence in sex crime cases. In *State v. Garney*, 45 Idaho 768, 265 P. 668 (1928), the Court reversed a conviction of assault with intent to commit rape because of the admission of evidence of an alleged sexual assault on another woman at another time. In *Garney*, the Court said:

> This testimony was inadmissible, and prejudicial. It was in no way linked together with the offense for which appellant was on trial. There must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction. The general rule is, that when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his lifetime, wholly unconnected with that for which he is put upon trial, must be excluded.

*Id.* at 775, 265 P. at 670.

In *State v. Larsen*, 42 Idaho 517, 246 P. 313 (1926), the Court reversed a conviction for statutory rape because of the admission of evidence tending to prove that the accused made an assault with intent to commit rape upon another young girl about three years before the alleged statutory rape. In *Larsen*, the Court said:

> This incident was not connected, in the slightest degree, with the crime of which he was accused in the information, but was an entirely distinct and separate offense, very remote in time, and absolutely unrelated in every respect and from every viewpoint.
>
> Proof that he attempted to commit another sexual crime three years previously, upon another female, does not show any design or intent to perpetrate a rape three years later upon the present complainant; neither does it prove or tend to

prove that he had since that time committed the particular crime upon the prosecutrix.

> In criminal prosecutions, involving sexual crimes, it is not competent or permissible to show an evil disposition inclining defendant toward that particular crime, by acts totally disassociated with, and far remote in time, from the act of which he is accused, and against an entirely different female. It is utterly repugnant to fairness and justice to accuse a person with the perpetration of a specific and definite crime, and then make that a pretext for trying him, without notice, for another alleged offense against which he is unprepared to defend, thereby producing a prejudice and bias against him in the minds of the jury.
>
> . . . .
>
> It is a rule so well settled that in a prosecution for such crime, evidence which in any manner shows or tends to show that the accused has committed another crime, wholly independent of, and unrelated to, that for which he is on trial, even though a crime of a similar nature, is irrelevant and inadmissible, that a citation of authorities, *in extenso*, would answer no useful purpose.

*Id.* at 520–21, 246 P.2d at 313.

As I understand the scope of the "common scheme or plan" exception, it is not enough that the other crime was similar to the offense charged. The crimes must have been perpetrated pursuant to a "common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other." I cannot accept the Court's conclusion that it is enough if there is "a continuing series of alleged similar sexual encounters directed at the young female children living within [the accused's] household." 120 Idaho at 745, 819 P.2d at 1145.

The Court's opinion cites *State v. Boothe*, 103 Idaho 187, 646 P.2d 429 (Ct. App.1982) and *State v. Maylett*, 108 Idaho 671, 701 P.2d 291 (Ct.App.1985) in support of its conclusion on this issue. The thrust of these decisions of our Court of Appeals

is that the scope of the common scheme or plan exception is greater in sex crime cases than it is in other cases. This is a premise that I cannot accept. If the exception is this broad in sex crime cases, then it must be just as broad in cases involving other crimes. Are we prepared to place our stamp of approval on the admission of evidence offered to prove that a person accused of robbery perpetrated the crime charged and other robberies over a period of sixteen years against a limited group of people, such as those living in the same household? If we are not, I do not understand how we can approve the admission of the other crimes evidence in this case.

As the Court's opinion points out, the evidence of these other crimes was not properly admissible to prove intent, motive, or identity. In *State v. Martin*, 118 Idaho 334, 796 P.2d 1007 (1990), we approved the admission of evidence of other sex crimes that demonstrated a distinctive *modus operandi*. In *Martin*, the Court listed fourteen common features of each of the crimes that were sufficient to make the evidence admissible to prove identity. *Id.* at 338, 796 P.2d at 1011. The Court noted that there were "many significantly unique features" present in the case being tried and in the other crimes that were the subject of the disputed evidence. *Id.* at 337, 796 P.2d at 1010.

Here, the only common feature is that each of the three victims was residing with or visiting in Moore's residence when the sexual acts occurred. Identity was not an issue in this case. The only issue was whether Moore did the things the victim described. In my view, *Martin* is not authority for the decision reached in this case.

## CORROBORATION

The Court's opinion also upholds the admission of the other crimes evidence on the grounds that it corroborated the victim's testimony. 120 Idaho at 746, 819 P.2d at 1146. This portion of the Court's opinion confuses "corroboration" in the general sense of the term and "corroboration" in the sense used by this Court in sex crime cases prior to the elimination of the re-

quirement of corroboration in *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981).

The corroboration requirement in sex crime cases was well summarized by Justice Hyatt, writing for the Court in *State v. Elsen*, 68 Idaho 50, 54, 187 P.2d 976, 978 (1947):

> If the character or reputation of the prosecutrix for truth and chastity is unimpeached, and her testimony is not contradictory nor inconsistent with the admitted facts of the case, and is not inherently improbable nor incredible, there can be either direct evidence corroborating her testimony, or evidence of surrounding circumstances clearly corroborating her statements. Either will suffice. If, however, her character or reputation for truth and chastity, or either, is impeached, or her testimony is contradictory or is inconsistent with the admitted facts of the case, or is inherently improbable or incredible, then there must be direct evidence corroborating her testimony.

The Court's opinion cites *State v. Schwartzmiller*, 107 Idaho 89, 93, 685 P.2d 830, 834 (1984) for the proposition: "'Evidence of similar acts of sexual misconduct between the defendant and the victim or between a defendant and another witness is admissible for corroboration of the victim's testimony in sex crime cases.'" 120 Idaho at 746, 819 P.2d at 1146. The cases cited in support of this statement in *Schwartzmiller* were *State v. Elsen*, 68 Idaho 50, 187 P.2d 976 (1947); *State v. Hirsch*, 64 Idaho 20, 127 P.2d 764 (1942); and *State v. Shelton*, 46 Idaho 423, 267 P. 950 (1928). Each of these cases concerned the corroboration required in sex crime cases prior to *Byers*.

*Byers* applied the abolition of the corroboration requirement in sex crime cases prospectively to criminal trials commenced after April 1, 1981, the date the opinion in *Byers* was issued. 102 Idaho at 167, 627 P.2d at 796. Although the trial in *Schwartzmiller* was in May 1981, the defense asserted that corroboration was required. The state did not contest the defense's assertion, and the trial court ruled

that corroboration was required, despite the ruling in *Byers.* Transcript at 355, *Schwartzmiller* (No. 14237). The applicability of the corroboration requirement was not raised on appeal in *Schwartzmiller,* and this Court treated the case as though it had been tried before the corroboration requirement was abolished.

In this case, there was no requirement that the victim's testimony be corroborated. The exception in our cases prior to *Byers* that allowed evidence of other crimes to be used as corroboration is no longer supportable under I.R.E. 404(b). Corroboration is not listed as an exception in the rule and there is no basis for us to perpetuate an exception that goes beyond the rule.

I would reverse Moore's conviction and remand for a new trial.

BISTLINE, J. specially concurs.