970 P.2d 10

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Forrest CARDELL,
Defendant–Appellant,**

No. 23719.

Supreme Court of Idaho,
Pocatello, 1998 May Term.

Nov. 20, 1998.

Rehearing Denied Jan. 15, 1999.

Randall D. Schulthies, Bannock County Public Defender, Pocatello, for appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SILAK, Justice.

This case involves an appeal by James Cardell (Cardell), a masseur, from a conviction for sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18–1508A(1)(c). The district court ruled that the testimony of adult massage clients was admissible. Additionally, the district court allowed an excluded witness, who was present during parts of the trial, to testify. We affirm the decision of the district court.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Appellant Cardell was a masseur. The victim, R.S., went to Cardell for a massage and reported sexual battery by Cardell. R.S., age sixteen at the time of the sexual battery, reported that Cardell, during the massage, had her disrobe and then massaged her breasts and genital area and placed her hand near his groin. R.S. also stated that during the massage she could feel his erect penis when Cardell placed her hand near his groin. Cardell asserted that the contact was not sexual in nature, but instead a massage technique to reduce the possibility of breast cancer and increase flexibility. He was charged with sexual battery of a minor child sixteen or seventeen years of age under I.C. § 18–1508A(1)(c).

Prior to the trial, the prosecuting attorney filed a motion in limine, requesting that during cross-examination, counsel for Cardell be prohibited from requesting that R.S. demonstrate the manner in which Cardell touched her, and further requesting that the State be allowed to present evidence of prior and/or subsequent acts of Cardell. The trial court denied the motion, but ruled that the order might be subject to change if the evidence became more probative than prejudicial. At trial, the trial court determined that the testimony of prior bad conduct was relevant and was no longer "so highly prejudicial" and therefore allowed the State to call three adult female former massage clients as witnesses. These adult witnesses described experiences during massages with Cardell similar to the battery with which he was charged and subsequently found guilty.

During the trial, the district judge excluded witnesses. On rebuttal, the State called the mother of R.S. to testify. This witness had previously testified in the State's case-in-chief and had been present in the courtroom during other portions of the State's case-in-chief in violation of the exclusion order. The trial court was aware of this violation, but

allowed the testimony anyway on the grounds that the witness had not been present for the defense's case and was only testifying in response to comments made by Cardell.

Cardell was convicted after a jury trial of sexual battery of a minor child sixteen or seventeen years of age. Cardell was sentenced to a prison term of twenty years indeterminate with five of those years fixed. The sentence was suspended and Cardell was placed on probation for twenty-five years and a term of one year in the Bannock County Jail. Cardell appeals the ruling of the district court as to the adult witnesses' testimony and the testimony of the excluded witness.

## II.

## ISSUES ON APPEAL

Cardell presents the following issues on appeal:

(1) Did the district court err in admitting the testimony of the adult massage clients?

(2) Did the district court err in allowing an excluded witness to testify after remaining in the courtroom during portions of the State's case?

## III.

## ANALYSIS

### A. Standard Of Review.

Whether evidence is relevant is an issue of law over which this Court exercises free review. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Whether the probative value outweighs the prejudicial effects of evidence is reviewed under an abuse of discretion standard. *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991).

Whether the trial court should have excluded witnesses is reviewed under an abuse of discretion standard. *State v. Danson*, 113 Idaho 746, 748, 747 P.2d 768, 770 (Ct.App.1987). For the court to permit exceptions to or variations from the order, or to impose sanctions for violation of the order is within the trial court's discretion, and there-

fore reviewed under an abuse of discretion standard. *Id.*

### B. The Trial Court Did Not Err In Allowing The Testimony Of The Adult Women Massage Clients.

The district court allowed the State to present rebuttal testimony from adult women who had received massages from Cardell. Evidence of other acts to prove the character of a person is generally inadmissible to show that person committed the crime for which he is charged. *Moore*, 120 Idaho at 745, 819 P.2d at 1145. Idaho Rule of Evidence 404(b), however, allows an exception to this general rule. I.R.E. 404(b) states:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

I.R.E. 404(b). *See, e.g., State v. LaBelle*, 126 Idaho 564, 887 P.2d 1071 (1995); *State v. Phillips*, 123 Idaho 178, 845 P.2d 1211 (1993); *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992); *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991).

Cardell argues that the testimony of the adult massage clients only went to his propensity to commit the crime and is therefore specifically excluded by I.R.E. 404(b). To determine whether evidence of a defendant's uncharged misconduct should be admitted, the court must determine whether "the evidence is relevant to a material and disputed issue concerning the crime charged." Second, the court must determine whether "the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant." *Moore*, 120 Idaho at 745, 819 P.2d at 1145.

The district court focused on whether the testimony of these other massage clients tended to corroborate the testimony of R.S., as the testimony of Cardell tended to conflict with the testimony of R.S. In reviewing the testimony *de novo*, we hold that the testimo-

ny was relevant to prove the absence of mistake or accident, I.R.E. 404(b).

In the instant case, the testimony of the adult massage clients tended to prove absence of mistake or accident. The issue whether Cardell deliberately touched R.S.'s vaginal area was a material and disputed issue concerning the crime charged. Although Cardell did not deny that he gave R.S. a massage, which included nipple manipulation and massaging the upper thighs of R.S., he testified he never massaged R.S.'s vaginal area. Instead, Cardell testified that he never rubbed the victim's genitals and that as he massaged the inner thigh his hand would have been touching the outside of the vaginal area but at no time did he directly touch R.S.'s vagina. R.S.'s testimony contradicted Cardell's, for she testified that he had actually massaged her vaginal area several times during the massage, both while she was lying on her stomach and on her back.

The testimony of the adult massage clients was relevant to whether Cardell's touching of R.S.'s vaginal area was accidental. These women were asked at trial whether they believed that the touching of their vaginal areas by Cardell was accidental. The adult clients testified that they did not believe the touching was accidental during their massages. This testimony was relevant under I.R.E. 404(b) because it tends to show that any touching of R.S.'s vaginal area by Cardell during massage therapy was not a mistake or accident, since other clients testified to similar touching.

Cardell argues that the testimony does not fit within the exceptions in I.R.E. 404(b) because the testimony was not from women in the same age category as R.S. Although these women were older than R.S., their testimony was of events during a massage given by Cardell which was similar to the testimony of R.S. The age difference between the victim R.S. and the adult massage clients does not render the adults' testimony regarding absence of mistake or accident irrelevant.

This evidence tended to prove absence of mistake or accident in the genital touching of R.S. Therefore, we hold that the district court did not err in concluding that the testi-mony of the adult massage clients was relevant.

## C. The Probative Value Of The Evidence Was Not Substantially Outweighed By The Unfair Prejudice To Cardell.

■ Even if the testimony regarding prior bad conduct of Cardell is relevant to show absence of mistake or accident, the probative value of the evidence must not be outweighed by the prejudice to the defendant for the evidence to be admissible. *Moore*, 120 Idaho at 745, 819 P.2d at 1145. The district judge stated that although he did think that bad conduct was more prejudicial than good conduct, he did not "believe that what I'm going to allow in is so highly prejudicial in this particular case that I shouldn't let it in." He based this decision on the fact that the defense had already brought in a witness to testify that a massage received from Cardell was not sexual in nature, and therefore the evidence was just the exact opposite of the evidence already introduced by the defense. Additionally, this testimony was only allowed in during the State's rebuttal, after Cardell had testified that during an interview with a detective he had told the detective that he had "never at any time touched any of my clients with any sexual intent."

Cardell asserted in his defense that his massage techniques were designed to reduce the chances of breast cancer and increase flexibility. Therefore, the testimony of other clients can be viewed as beneficial to Cardell's case, as it tended to prove that he performed the same therapy on all of his clients. We hold that the district judge did not exceed the bounds of discretion in determining that the probative value of this evidence was not substantially outweighed by the prejudicial effect to Cardell.

Since we hold that the testimony was relevant and that the district court did not abuse its discretion in weighing the probative value of the evidence, the testimony was properly admitted into evidence. The ruling of the district court is affirmed.

### D. The Trial Court Did Not Abuse Its Discretion In Allowing The Testimony Of The Excluded Witness.

■ At the beginning of the trial, the trial judge granted an order to exclude witnesses. It is not disputed that R.S.'s mother, a witness for the State, was present in the courtroom while the State presented portions of its case. "[P]ermitting exceptions to or variations from an exclusion order [ ] lies within the trial court's discretion...." *State v. Danson*, 113 Idaho 746, 748, 747 P.2d 768, 770 (Ct.App.1987). Without a showing of how the presence of the witness prejudiced the appellant, the trial court's permission to allow a witness to testify after violating an exclusion order will not be deemed an abuse of discretion. *State v. Oldham*, 92 Idaho 124, 133, 438 P.2d 275, 284 (1968). The burden is on the appellant to demonstrate how the testimony may have been tainted by the witness's exposure in the courtroom to other testimony. *Danson*, 113 Idaho at 748, 747 P.2d at 770.

■ The district court allowed R.S.'s mother to testify to what comments she made to Cardell on the telephone while scheduling the massage for R.S. The trial court was very specific in limiting her rebuttal testimony solely to that issue, and based its decision on the fact that R.S.'s mother had not been present during Cardell's testimony. On rebuttal, R.S.'s mother's testimony was in fact limited to the fact that she scheduled a foot massage for her daughter, not a full body massage.

Cardell has failed to show how the presence of R.S.'s mother, during the State's case, tainted her testimony and prejudiced Cardell. R.S.'s mother was not in the courtroom during Cardell's testimony, so she was unaware of what Cardell had stated regarding the conversation during the phone call. The specific facts in this case, the limited scope of the witness's testimony, the limiting instruction of the trial court and the fact that the witness was excluded from the courtroom during Cardell's testimony support the conclusion that the trial court acted within the boundaries of its discretion in deciding not to impose any sanctions for the violation of the order. Therefore, the decision of the district court is affirmed.

## IV.

### CONCLUSION

We hold that the testimony of the adult massage clients was relevant to prove absence of mistake or accident. We additionally hold that the trial court did not abuse its discretion in weighing the probative value of the evidence and therefore affirm the ruling of the district court admitting the testimony of the adult clients. The district court did not err in allowing the testimony of an excluded witness who violated the exclusion order. The judgment of conviction is affirmed.

Chief Justice TROUT, Justices JOHNSON, SCHROEDER and WALTERS, concur.