771 P.2d 925

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David William YON Defendant–Appellant.**

**No. 17399.**

Court of Appeals of Idaho.

April 12, 1989.

William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HART, Judge, Pro Tem.

David William Yon stands convicted of second-degree murder. The three issues he has raised on appeal are: (1) whether the jury verdict was supported by substantial evidence; (2) whether the jury was prejudiced; and (3) whether the sentence imposed was excessive. We affirm the judgment of conviction, including the sentence imposed.

The facts are summarized briefly. The sheriff's office in Shoshone County received a telephone call from Yon requesting assistance. When the officers arrived at Yon's residence in Kellogg, they discovered the body of Joseph Bussell, Jr. Bussell had been shot to death. Yon was charged with second-degree murder. A jury found him guilty of that charge. Yon's subsequent motion for a judgment of acquittal was denied. The trial judge imposed an indeterminate twenty-year term of imprisonment.

I

On appeal, Yon first contends that the jury verdict was not supported by substantial evidence. Our review of this issue is limited in scope. We will not set aside a jury verdict if there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). Nor will we substitute "our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 719, 662 P.2d 1149, 1163 (Ct.App. 1983). Moreover, on appeal, we view the evidence in the light most favorable to the

respondent. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

At trial, Yon asserted that he killed Bussell in self-defense. He testified that Bussell threatened him with a gun and that there was a struggle. Yon claimed that during the struggle, the gun went off and Bussell was killed. However, the state presented evidence which contradicted this testimony. The physical evidence showed Bussell was looking away from the gun when it was shot and was probably sitting down or slouched. Bussell, a right-handed individual, did not have traces of steel on his right hand, as—according to testimony of an expert—would have been expected had Bussell approached Yon with a gun in his hand. Also, evidence suggested that Yon did not call for medical assistance until quite some time after the shooting. A test of Bussell's blood indicated that he had consumed large doses of a tranquilizer, which may have rendered him somnolent the night of the shooting. Finally, although Yon testified that his hand was scratched during the fight, no laceration was found on Yon's hands by the state's forensic examiner.

A jury, upon hearing this evidence, could reasonably infer that Yon's testimony was not credible with respect to his claim of self-defense. The jury's finding that he committed second-degree murder is supported by substantial evidence.

## II

Yon next argues that the verdict should be vacated because the jury was prejudiced. He asserts that, during voir dire, a prospective juror commented on the possibility of a homosexual relationship between Yon and the victim. The juror stated:

> I'm a Christian, and one of those things I know from reading the account in the paper, that there's been a homosexuality-type of atmosphere with this. And I have a real problem with that because of my religious conviction.

This juror was later dismissed on a peremptory challenge. However, Yon insists the juror's remark made the entire jury biased.

A challenge to a jury panel or an individual juror because of errors made during the jury selection process should be made before the jury is empaneled. *See, e.g., State v. Ruybal*, 102 Idaho 885, 643 P.2d 835 (Ct.App.1982). Yon did not challenge the jury panel before it was empaneled. Nor did he raise the issue of jury bias during the trial. It was only after the verdict was rendered that Yon contended the jury panel was prejudiced. His motion for judgment of acquittal on this ground did not present a timely challenge to the jury panel.

Since the issue was not timely raised, we need not consider it on appeal, unless Yon can show that the jury's exposure to the remark constituted fundamental error—an error which resulted in a failure to afford him a fair trial. *State v. LePage*, 102 Idaho 387, 630 P.2d 674, *cert. denied*, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981). The record does not establish that the remark affected the deliberations of the other jurors to such an extent that Yon was denied due process. In fact, the record is devoid of any indication that the jury was affected by the remark. Therefore, we will not vacate the judgment of conviction upon this ground.

## III

Finally, Yon contends the sentence imposed was excessive. Yon could have received a fixed life term. *See* I.C. § 18–4004. Instead, as noted, the judge imposed a twenty-year indeterminate term of imprisonment. Since this sentence is within statutory limits, we will not disturb it unless the record indicates that the judge abused his sentencing discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). We find no such abuse here.

The judge found that the killing was not provoked or justified. When imposing the sentence, the judge was clearly concerned with retribution and deterrence. He stated:

> This court finds a lesser sentence will depreciate the seriousness of the defendant's crime, and that imprisonment will

provide a ... deterrent to the defendant and to other members of the community.... I want to emphasize that one of the reasons I have imposed the sentence that I have in this manner is to recognize the value of human life. And I consider it most important that a lesser sentence would depreciate the nature of this crime.

Having considered the full record and sentence review criteria set forth in *Toohill, supra,* we conclude that the trial judge did not abuse his discretion.

Accordingly, we affirm the judgment of conviction, including the sentence imposed.

WALTERS, C.J., and SWANSTROM, J., concur.