904 P.2d 945

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wayne Bruce HANSEN, Defendant–Appellant.**

No. 21114.

Court of Appeals of Idaho.

Oct. 26, 1995.

Jonathan W. Cottrell, Sandpoint, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, and Catherine L. Derden, Arkansas, argued, for respondent.

PERRY, Judge.

Wayne Bruce Hansen was charged with three counts of lewd and lascivious conduct with his stepdaughter. I.C. § 18–1508. During voir dire, the prosecution used ten of eleven peremptory challenges to exclude males from the jury. After the jury was sworn, Hansen challenged the empaneled jury claiming that the state's use of its peremptory challenges violated his constitutional rights pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Hansen moved to strike the jury panel and also moved for dismissal of the case on double jeopardy grounds. The state objected, contending that the *Batson* motion was untimely. The district court proceeded to hear Hansen's motions and granted his motion to strike the empaneled jury. However, the district court found that, because the jury

was being discharged on Hansen's motion, Hansen waived his right to claim double jeopardy. The district court denied Hansen's motion to dismiss and reset the matter for trial.

Between the two trials, Hansen made a motion to reconsider the double jeopardy challenge, which was again denied by the district court. Another jury was then selected and the case proceeded to trial. During the trial, over objection by Hansen, the district court admitted evidence regarding prior uncharged sexual misconduct by Hansen. The jury found Hansen guilty of three counts of lewd conduct with a minor under sixteen. The district court sentenced Hansen to three concurrent unified terms of eighteen years, with six-year minimum periods of confinement.

Hansen now appeals from his judgment of conviction on two grounds. First, Hansen asserts that his judgment should be vacated because the district court erred in denying his motion to dismiss based on a violation of his double jeopardy rights. In the alternative, Hansen seeks to have the judgment vacated and the case remanded for retrial with an order excluding the evidence regarding Hansen's prior uncharged sexual misconduct. The state raises as an additional issue on appeal whether it was error for the district court to consider Hansen's *Batson* motion in the first trial due to its untimeliness.

## I.

### ANALYSIS

**A. The District Court Erred in Considering Hansen's *Batson* Motion Challenging the State's Use of Peremptory Strikes Due to its Untimeliness.**

At the first trial, Hansen moved to have the jury discharged and the case dismissed after the jury panel was sworn to try the case. Hansen alleged that the prosecution used its peremptory challenges to exclude males from the jury. Hansen argued that this was in violation of his constitutional rights pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ The state asserts that a *Batson* motion challenging the prosecutor's use of peremptory strikes must be made before the jury is sworn to try the case. The state argues that if the motion is made after the jury is sworn, it is untimely and the issue is then waived on appeal. Although we do not dispose of Hansen's case solely on this issue, we hold, for further guidance to the trial bench and bar, that the state is correct in this regard.

■ Although the Idaho appellate courts have not specifically ruled on the state's assertion, we note that the general rule in Idaho is that, "a challenge to the panel must be taken before a juror is sworn, and must be in writing, and must plainly and distinctly state the facts constituting the ground of challenge." I.C. § 19–2006. Further, a challenge to a jury panel or an individual juror because of errors or discrimination during the jury selection process must be made before the jury is empaneled. *State v. Yon,* 115 Idaho 907, 771 P.2d 925 (Ct.App. 1989); *State v. Ruybal,* 102 Idaho 885, 643 P.2d 835 (Ct.App.1982). We have previously held that when a challenge to the jury is not raised in a timely fashion, we will not consider it on appeal, unless, the appellant can show that the error constituted fundamental error. *Yon,* 115 Idaho at 909, 771 P.2d at 927. The Idaho Supreme Court has adopted the following definition of fundamental error:

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

*State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994), *quoting State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1989).

Other jurisdictions have specifically held that a *Batson* motion must be made before the jury is sworn or it is untimely and the issue is waived on appeal. *Government of Virgin Islands v. Forte,* 806 F.2d 73 (3rd Cir.1986); *State v. Harris,* 157 Ariz. 35, 754

P.2d 1139 (1988); *State v. Peck,* 719 S.W.2d 553 (Tenn.Cr.App.1986). We concur with the rationale in these jurisdictions in holding that a *Batson* motion must be made before the jury is sworn, or it is waived. The district court therefore erred in hearing Hansen's motion challenging the state's use of peremptory challenges. However, as a practical matter, no relief is available to the state on appeal in this case as a result of the district court's error.

**B. The District Court Did Not Err in Denying Hansen's Motion to Dismiss on Double Jeopardy Grounds.**

■ The district court found that Hansen waived his double jeopardy rights by moving that the jury be discharged after it was empaneled. When reviewing a lower court's determination regarding the waiver of a constitutional right, we accept the district court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *State v. Hoffman,* 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct.App.1989). *See also State v. Fairchild,* 121 Idaho 960, 964, 829 P.2d 550, 554 (Ct. App.1992).

After the jury was sworn in this case, Hansen's counsel stated: "I would move to strike the jury panel and to have the court order the dismissal of this case as jeopardy is now attached by swearing the jury." The district court granted the motion, in part, and discharged the jury, but denied Hansen's request for dismissal. Hansen claims that the district court subjected him to jeopardy twice for the same offense and thereby violated his constitutional rights.

■ Article 1, Section 13 of the Idaho Constitution provides: "No person shall be twice put in jeopardy for the same offense." Further, the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides, "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb." Jeopardy attaches under these provisions when a jury is sworn. *State v. Sharp,* 104 Idaho 691, 693, 662 P.2d 1135,

1137 (1983). The *double jeopardy clauses* were intended to prevent constant retrials by a state. *Id.* However, these protections are not limitless. The defendant in a criminal case waives the double jeopardy bar to retrial by moving for or consenting to a mistrial or similar disposition of the trial. As we previously stated:

> The general rule is that a defendant's motion for mistrial removes any bar by the double jeopardy clause of the Fifth and Fourteenth Amendments to retrial. An exception to the bar exists, however, when the defendant's motion is based on prosecutorial misconduct which was intended to provoke the defendant into moving for a mistrial.

*State v. Fairchild,* 121 Idaho 960, 963, 829 P.2d 550, 553 (Ct.App.1992) (citations omitted). *See also, Sharp,* 104 Idaho at 693, 662 P.2d at 1137.

▮ Hansen contends that *Fairchild* and *Sharp* do not apply in this case because he did not move for a mistrial. There is no logical distinction, however, in reference to their import for double jeopardy purposes, between seeking a mistrial and requesting that a jury be stricken and the case dismissed. The district court properly applied the rule stated in *Fairchild* and *Sharp* in finding that Hansen's motion to discharge the jury waived his rights under the double jeopardy clauses, unless the prosecutor intended to provoke Hansen's motion.

The question then becomes whether the prosecutor goaded Hansen into making the motion at the first trial. The district court found that the prosecutor lacked the requisite intent to provoke a mistrial. The district court stated in part:

> The prosecutor vigorously protested the timeliness of the Defendant's motion and zealously argued against a finding of purposeful discrimination. In addition the prosecutor's witnesses were available and he was ready to present the State's case.

The evidence in the record supports the district court's findings that the prosecution was ready to proceed to trial and did not intend to goad Hansen into moving for mistrial or other similar disposition of the case. The district court, therefore, did not err in denying Hansen's motion to dismiss on double jeopardy grounds.

## C. The District Court Did Not Err in Admitting Evidence of Hansen's Prior Uncharged Sexual Misconduct.

▮ Hansen argues that the district court erred in admitting evidence of prior uncharged misconduct under I.R.E. 404(b). He contends that such evidence was not relevant to any matter in dispute during his trial. Idaho Rule of Evidence 404(b) provides:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

▮ Evidence of prior bad acts admitted pursuant to I.R.E. 404(b) must be relevant to a material and disputed issue concerning the crime charged. *State v. Moore,* 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). Whether evidence is relevant is an issue of law. *State v. Atkinson,* 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). Therefore, when considering a court's admission of evidence of prior misconduct, we exercise free review of the trial judge's relevancy determination. However, when reviewing the determination that the probative value of the evidence is not outweighed by unfair prejudice—the second step of the analysis— we use an abuse of discretion standard. *Id.*

Hansen was charged with three counts of lewd and lascivious conduct with his stepdaughter. The three incidents from which the charges arose all occurred in the family home in Bonner County. Hansen objected to the admission of evidence concerning any other sexual contact between himself and the victim. The district court allowed the testimony of the victim and her mother regarding prior uncharged sexual contact similar to that charged.

Two of the charges against Hansen related to allegations by his stepdaughter that he exposed his penis and had her masturbate

him until he ejaculated onto toilet tissue or a paper towel which he had with him. The third charge is based on an incident where Hansen put his hand inside the victim's panties and rubbed her vagina.

According to the victim's testimony at trial, seven uncharged incidents of sexual contact between her and Hansen occurred over the course of four years. Four of the uncharged incidents of sexual contact testified to at trial, related to Hansen exposing his penis to the victim and having her masturbate him until he ejaculated. During three of these four instances, Hansen had ejaculated onto tissue or paper towels which he had with him. The remaining three uncharged episodes involved Hansen touching the victim in the vaginal area and/or having her rub his penis.

The district court analyzed the evidence pursuant to the two-tiered approach set forth in *State v. Moore,* 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). *See also State v. Roach,* 109 Idaho 973, 974, 712 P.2d 674, 675 (Ct.App.1985). The district court first found the evidence was relevant and then determined that the evidence was more probative than prejudicial.

In *State v. Tolman,* 121 Idaho 899, 905, 828 P.2d 1304, 1310 (1992), the trial court admitted evidence of a number of uncharged incidents involving the complaining witnesses. The Idaho Supreme Court found that the evidence was relevant because it illustrated a common plan or scheme as well as provided corroboration for the young victims' testimony. Similarly, in *Moore,* the Supreme Court found that evidence of prior uncharged misconduct with victims other than the complaining witness was helpful to the jury in illustrating a common plan or scheme as well as establishing the credibility of the young victim. *Moore,* 120 Idaho at 745, 819 P.2d at 1145. The uncharged misconduct first occurred eleven years before and again three years before the charged incidents. *Id.* The *Moore* Court said:

Any evidence of other crimes which developed was so intimately and inseparably connected with the circumstances of this specific offense as to render it admissible as a part of the common criminal design, all of which was necessarily admissible in order to get a clear understanding of the situation of the parties and the probable truth or falsity of this charge.

*Id.,* at 746, 819 P.2d at 1146, *quoting State v. Hammock,* 18 Idaho 424, 429, 110 P. 169, 170 (1910).

The allegations in this case and the prior uncharged sexual misconduct involved the same victim and similar acts committed within a relatively brief span of time. The appellate courts have found prior uncharged sexual misconduct more remote in time and nature than this admissible as evidence of credibility or a common plan or scheme. In reviewing the record we conclude that the evidence was relevant and that the district court did not abuse its discretion in finding it more probative than prejudicial. Therefore, the district court did not err in admitting the evidence of prior uncharged misconduct under Rule 404(b).

## II.

## CONCLUSION

Although the district court erred in entertaining Hansen's *Batson* motion, no relief is available to the state on appeal in this case. We uphold the district court's denial of Hansen's motion to dismiss on double jeopardy grounds because his motion to discharge the jury waived the constitutional bar to retrial. The district court properly admitted evidence of prior uncharged misconduct by Hansen with the same victim of a similar nature. Accordingly, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.