## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38277

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 400 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 12, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TRACI JEAN HARTLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of one year, for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Traci Jean Hartley appeals from the district court's judgment of conviction and sentence, asserting that the district court erred by admitting evidence of Hartley's "other acts" pursuant to Idaho Rule of Evidence 404(b).

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

During a stop of Hartley's vehicle, the police officer noticed that Hartley, the sole occupant of the vehicle, had prescription medication bottles whose labels had been removed. The State charged Hartley with two felony counts and one misdemeanor count of possession of a controlled substance. Count I charged possession of methadone; Count II charged possession of methylphenidate; and Count III charged possession of alprazolam. Prosecutors notified Hartley before trial of their intention to present I.R.E. 404(b) evidence at trial. That evidence showed

1

that approximately one year previous to the stop giving rise to the current charges, Hartley had also been found in possession of methadone pills without a prescription. The evidence further showed that Hartley had reported to the officer during the prior traffic stop that she had a prescription for the methadone and that the medication was for her back injury from a car accident. The district court ruled that the State could not present the Rule 404(b) evidence during its case-in-chief, but left open the question of whether it would be allowed for use as rebuttal evidence.

During Hartley's defense, a witness testified that Hartley was keeping the medications for another person and dispensing them to that person in order to make certain that person did not abuse the medication. After the testimony, the State renewed its motion to present the Rule 404(b) evidence during rebuttal to establish that Hartley's motive for possessing the prescription medications was for her own personal use. The district court ruled that the Rule 404(b) evidence was admissible, but only for the limited purpose of establishing Hartley's motive as it related to the methadone charge. The district court instructed the jury of this limited purpose, both before and after the evidence was presented, as well as in the final instructions. The jury returned guilty verdicts on all three counts. Hartley timely appeals.

## II.

## DISCUSSION

Hartley asserts the district court erred by admitting evidence during the State's rebuttal that she had previously illegally possessed methadone for her own use, because it was only relevant to show criminal propensity. She further asserts that the admission of the evidence was not harmless, caused her prejudice as to all three charged offenses in this case, and that the error was not cured by the limiting instruction provided by the district court. The State argues that Hartley has failed to show error in the district court's relevancy determination or an abuse of discretion in its I.R.E. 403 determination.

The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses

2

pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is "entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior." *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of a prior crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule.

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the prior acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the prior acts are relevant to a material disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the prior act if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Hartley does not challenge the existence of the prior acts as established fact. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008); *State v. Scovell*, 136 Idaho 587, 590, 38 P.3d 625, 628 (Ct. App. 2001). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

**A.      Relevance**

Hartley first argues that the prior acts evidence introduced by the State was not relevant to any issue other than merely to demonstrate her propensity to commit the crime of possession of methadone. The State contends that the evidence was relevant as evidence of Hartley's motive.

3

The district court noted that the only disputed issue at trial was Hartley's motive for illegally possessing the prescription medication: whether it was for her personal use or to prevent its abuse by another person. In the State's case-in-chief, the State called the officer who stopped Hartley and found her in possession of the prescription medication. The officer testified that during the traffic stop, he saw Hartley digging through her purse and caught a glimpse of two prescription bottles. The officer also testified that Hartley had admitted the medication was hers, that she had a prescription, and that she had methadone due to injuries from a prior car accident. In her defense, Hartley called her husband's aunt as a witness. The aunt testified that one of her sisters was struggling with a prescription drug addiction at the time of the charged offense; and, as a result, had asked Hartley to hold onto the medication to keep her from abusing the medication. The aunt also testified that she asked Hartley to hold onto some of her medications because of construction in her home, which medications included methylphenidate and alprazolam. She further testified that she had never seen Hartley abuse prescription medications. Based on this testimony, Hartley's motive or intent in possessing the prescription medication was a material and disputed issue at trial.

Given the disputed nature of Hartley's motive at trial, the Rule 404(b) evidence admitted was relevant. Hartley had previously been found illegally in possession of methadone and, at that time, had also stated that the prescription medication was for her personal use. The Rule 404(b) evidence tended to show that it was more likely that Hartley possessed the prescription medication for her own personal use, and less likely that Hartley was simply holding the medication for someone else. *See* I.R.E. 401. Consequently, the Rule 404(b) evidence clearly meets the test for relevance under Rule 401.

## B.    Unfair Prejudice

Hartley next argues that the danger of unfair prejudice substantially outweighed any probative value of the admitted Rule 404(b) evidence; and, therefore, the district court erred when it did not exclude the evidence under Rule 403. The State argues that the district court correctly found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. In addition, the State asserts that the jury is presumed to have followed the limiting instruction given by the district court.

Despite being relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

4

I.R.E. 403. *See Grist*, 147 Idaho at 52, 205 P.3d at 1188. "Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Evidence is unfairly prejudicial when it suggests decision on an improper basis." *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). Furthermore, the Idaho Supreme Court has previously explained: "Under the rule, the evidence is only excluded if the probative value is *substantially* outweighed by the danger of unfair prejudice. The rule suggests a strong preference for admissibility of relevant evidence." *State v. Martin*, 118 Idaho 334, 340 n.3, 796 P.2d 1007, 1013 n.3 (1990) (emphasis in original).

While Hartley argues that the Rule 404(b) evidence had no legitimate probative value, as discussed above, the evidence of Hartley's prior illegal prescription drug possession was certainly relevant to, and probative of, her motive or intent in regard to the present offense. The district court recognized this fact after the defense rested its case by stating: "I do think that we have squarely at issue now, thoroughly contested the issue of motive for possessing methadone only, not the other substances," and that "this may be the major issue of the case." Not only had Hartley been found in possession of methadone on the prior occasion, but her comments to the officer were substantially the same as those on the present occasion, i.e., that she had a prescription for the medication. The evidence tended to refute Hartley's defense, that Hartley was merely holding the medication for someone else, and supported the State's theory that Hartley was in possession of the medication for her own personal use. Thus, as the district court noted, the Rule 404(b) evidence was highly probative to a central issue in the case.

The district court weighed this probative value of the Rule 404(b) evidence against the danger of unfair prejudice. On two separate occasions, the court heard argument from counsel regarding the admissibility of the Rule 404(b) evidence. The court also expressly stated on the record that it did not find that the substantive value was outweighed by the danger of unfair prejudice. Moreover, prior to admitting the evidence, the district court noted the two-part standard applied when Rule 404(b) evidence is at issue, and went on to state:

> This is the approach the court has taken to making this decision . . . . I appreciate that this is an important issue.
> As I said, I suspect the defendant's alleged motive in possessing may be the issue on which at least Count I turns, and I'm aware of the significance of this decision, and I have not made it lightly.

Considering the district court's statements and its discussions with counsel regarding relevance and risk of prejudice of the Rule 404(b) evidence, the district court clearly recognized its discretionary authority to admit relevant testimony after weighing the probative value against prejudicial effect. Moreover, the court instructed the jury that the Rule 404(b) evidence was to be used only as to Hartley's motive for the methadone charge, and not for the other possession charges. It is presumed that a jury will follow the instructions of the trial court. *State v. Gray*, 129 Idaho 784, 802, 932 P.2d 907, 925 (Ct. App. 1997); *see also Scovell*, 136 Idaho at 591, 38 P.3d at 629 (noting the risk of unfair prejudice relating to the admission of uncharged misconduct was reduced by "the trial court's instruction that the jurors were not to consider the uncharged acts as proof that Scovell had criminal propensities or behaved in conformity with them by committing the charged crimes"). The district court did not abuse its discretion in the Rule 403 determination or by admitting the Rule 404(b) evidence of Hartley's prior illegal prescription drug possession.

## III.

## CONCLUSION

The evidence of Hartley's prior illegal prescription drug possession was relevant to a material and disputed issue concerning the crime charged. The district court did not abuse its discretion by admitting the Rule 404(b) evidence. Therefore, Hartley's judgment of conviction is affirmed.

Judge GUTIERREZ **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**