IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40421

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 457 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUAN RAMON BERBER, aka JOHN | ) | THIS IS AN UNPUBLISHED |
| RAYMOND BERBER, aka RAYMOND | ) | OPINION AND SHALL NOT |
| BERBER, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for lewd conduct with a minor under sixteen, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Juan Ramon Berber appeals from the judgment of conviction entered upon the jury verdict finding him guilty of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. Specifically, Berber challenges the district court's order allowing the State to present evidence of his uncharged misconduct pursuant to Idaho Rule of Evidence 404(b).

I.

FACTUAL AND PROCEDURAL BACKGROUND

During the course of nearly one year, Berber sexually abused N.M., the daughter of his girlfriend. The abuse began around December 31, 2008, when N.M. was twelve years old, and continued as the family moved from Caldwell to California. The abuse ended in November 2009 when N.M.'s father picked her up from California and brought her back to Idaho. Subsequently, N.M. disclosed the abuse to her stepsister and law enforcement was contacted.

1

Berber was indicted on one count of lewd conduct. Prior to trial, the State filed a notice of its intent to introduce I.R.E. 404(b) evidence. During a hearing, the State informed the court that N.M. would testify that Berber had sexual intercourse with her on a weekly or biweekly basis while residing in Idaho and California and that it did not stop until she returned to Idaho. In response to that, defense counsel stated, "We don't object to that." Immediately prior to trial, after the jury was selected, defense counsel objected to the presentation of any evidence of sexual conduct between Berber and N.M. that occurred in California (California conduct) pursuant to I.R.E. 404(b). The district court acknowledged that Berber had previously stated he had no objection to such evidence, but nonetheless considered the objection. The district court ruled that there was sufficient evidence to establish the California conduct as fact and that the evidence was relevant to N.M.'s credibility. Accordingly, the district court did not exclude the evidence pursuant to I.R.E. 404(b).

N.M. testified at trial regarding several instances wherein Berber sexually abused her, including three instances in Caldwell, one instance while traveling from Caldwell to California, and two instances in California. The jury convicted Berber of lewd conduct and the district court imposed a unified term of twenty years with six and one-half years determinate. Berber timely appeals.

## II.

## ANALYSIS

Berber claims that the district court erred by permitting the presentation of propensity evidence in violation of I.R.E. 404(b). The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged, if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262

2

(Ct. App. 2002). Of course, evidence of a crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could find the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a materially-disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there was sufficient evidence of the other acts if it was supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Berber does not challenge the sufficiency of evidence to establish the existence of other bad acts. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Berber claims that the district court erred by allowing evidence of other bad acts that occurred after the charged incident. He asserts that the State's argument focused on an incident of sexual abuse that occurred on December 31, 2008. Therefore, he argues that evidence of sexual abuse that occurred after December 31, 2008, is irrelevant propensity evidence violative of I.R.E. 404(b). Additionally, he contends that the district court erred by admitting evidence of other bad acts without conducting the I.R.E. 403 balancing test. The State claims that evidence of Berber's other bad acts was admissible to demonstrate his intent or plan to commit the charged offense, to prove his identity, to show opportunity, and regarding the victim's credibility. The State also claims that the district court did conduct the I.R.E. 403 balancing test and found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to Berber. Moreover, the State asserts that any error is harmless.

3

Berber lived with N.M. and her family during the time period of the allegations. As noted above, Berber began sexually abusing N.M. on December 31, 2008, and thereafter continued to engage in regular sexual contact with her. In June 2009, Berber moved to California with N.M. and her family, where he continued to sexually abuse N.M. In November 2009, N.M. returned to Idaho to live with her father in accordance with a custody order.

After interviewing N.M., the State filed a charge of one count of lewd conduct against Berber. The indictment accused Berber of committing a lewd act against N.M. on or between December 31, 2008, and November 30, 2009. At trial, the jury instructions required the State to prove that the act of lewd conduct occurred in Idaho on or between December 31, 2008, and November 30, 2009. Additionally, the jury was instructed that in order to find Berber guilty of lewd conduct, the jury was required to unanimously agree on the act or incident that satisfied all the elements of the crime charged. Therefore, to the extent Berber is claiming all evidence regarding incidents that occurred after December 31, 2008, constituted other bad acts, his claim is without merit. Indeed, evidence of sexual contact between Berber and N.M. that occurred in Idaho between December 31, 2008, and November 30, 2009, constitutes direct evidence of the crime Berber was charged with and is not prohibited by I.R.E. 404(b). However, evidence of the California conduct is considered other bad acts, as such incidents were outside Idaho's jurisdiction and are subject to I.R.E. 404(b).

Berber first argues that the California conduct was not relevant. We conclude that evidence of the California conduct was relevant to Berber's charge of lewd conduct to demonstrate a common scheme or plan and for credibility purposes. In *Grist*, the Idaho Supreme Court stated that evidence of a common scheme or plan is admissible where relevant to the credibility of the parties. Evidence of a common scheme or plan fits in the I.R.E. 404(b) rubric under preparation, plan, knowledge, and identity. Such evidence may be admissible "if relevant to prove . . . a common scheme or plan embracing the commission of two or more crimes *so related to each other* that proof of one tends to establish the other . . . ." *Grist*, 147 Idaho at 54-55, 205 P.3d at 1190-91 (quoting *State v. Pizzuto*, 119 Idaho 742, 750-51, 810 P.2d 680, 688-89 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991)). The Supreme Court emphasized the term "so related to each other" and cautioned trial courts to carefully examine evidence offered for the purpose of demonstrating a common scheme or plan

in order to ensure that the requisite relationship existed. *Grist*, 147 Idaho at 54-55, 205 P.3d at 1190-91. Evidence of other misconduct must show more than a generalized similarity to the details of the charged conduct, but must instead show that the charged and uncharged conduct is linked in a way that permits the inference that the other conduct was planned as part of a course of conduct associated with the charged offense. *State v. Joy*, 155 Idaho 1, 10, 304 P.3d 276, 285 (2013).

The California conduct was relevant to show a common scheme or plan because it demonstrates a planned course of connected behavior. The California conduct did not constitute an isolated instance of conduct separate and unrelated to the charged offense. This evidence demonstrated more than a generalized similarity to the charged offense, and instead showed that the charged and uncharged conduct was linked as part of a course of conduct. Thus, the California conduct was relevant to demonstrate that Berber engaged in a common scheme or plan to sexually abuse N.M. from December 31, 2008, in Idaho to November 2009 in California.[1]

Additionally, the California conduct was relevant for credibility purposes. The State relied heavily on N.M.'s testimony to prove the charges against Berber. During cross-examination, defense counsel pointed out several inconsistencies with N.M.'s testimony. During closing statements, defense counsel stated that the jury would have to decide if N.M. was being truthful and argued that her inconsistencies should be a red flag. Thus, the issue of N.M.'s credibility was squarely before the jury. A witness's credibility is always relevant. *State v. Hairston*, 133 Idaho 496, 503, 988 P.2d 1170, 1177 (1999); *State v. Osterhoudt*, 155 Idaho 867, 874, 318 P.3d 636, 643 (Ct. App. 2013). In *State v. Scovell*, 136 Idaho 587, 590, 38 P.3d 625, 628 (Ct. App. 2001), this Court stated:

---

[1]     Berber contends that the California conduct is not relevant to a common scheme or plan because the conduct occurred *after* the charged conduct, making it "impossible for the *subsequent* bad acts to have been part of a common scheme or plan to commit the *charged* act." The defendant in *State v. Tapia*, 127 Idaho 249, 899 P.2d 959 (1995), made a similar argument, which the Idaho Supreme Court rejected stating, "[w]e have dealt with this issue on previous occasions and rejected the notion that evidence of subsequent misconduct is per se inadmissible." *Id.* at 256, 899 P.2d at 966 (quoting *State v. Tolman*, 121 Idaho 899, 905, 828 P.2d 1304, 1310 (1992) (citing *State v. Stratford*, 55 Idaho 65, 37 P.2d 681 (1934))). Accordingly, the Supreme Court held that the "testimony concerning subsequent acts was highly probative. It was evidence of a common and continuing scheme or plan, and it served to explain a delay in reporting that would otherwise have provided a basis for questioning [victim's] credibility." *Tapia*, 127 Idaho at 256, 899 P.2d at 966.

> The Idaho Supreme Court has held that in prosecutions for sexual molestation of a child, evidence of uncharged incidents of the defendant's sexual misconduct with the same victim or with other children is relevant to demonstrate the young victim's credibility. *State v. Tolman*, 121 Idaho 899, 904, 828 P.2d 1304, 1309 (1992); [State v. *Moore*, 120 Idaho 743, 745-46, 819 P.2d 1143, 1145-46 (1991)].

*Scovell*, 136 Idaho at 590, 38 P.3d at 628. In *Grist*, the Idaho Supreme Court narrowed the admission of other bad acts for credibility purposes by stating that such evidence is inadmissible when its "probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior." *Grist*, 147 Idaho at 54, 205 P.3d at 1190.

As discussed above, evidence of the California conduct had a non-propensity purpose as it was relevant to demonstrate a common scheme or plan. Moreover, N.M.'s testimony of the California conduct allowed the jury to see the full picture and put N.M.'s testimony about the charged acts into context. Having knowledge of the full extent of the sexual abuse allowed the jury to determine if N.M.'s inconsistencies were a result of trauma from the abuse or a result of untruthfulness. Testimony that N.M. continued to live under Berber's control after she left Idaho and continued to be sexually abused by him was relevant for the jury to determine N.M.'s credibility. By allowing testimony of the events that transpired between the Idaho conduct and the report of the abuse, the jury was able to assess whether N.M. was fabricating her story or telling the truth. Accordingly, evidence of the California conduct was relevant for credibility purposes.

Finally, Berber claims that the district court abused its discretion by failing to conduct the requisite I.R.E. 403 balancing test. Pursuant to I.R.E. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

The district court, in making its admissibility determination, stated:

> And the third prong that I've--that I'm going to make reference to, although I've impliedly done so, is where the probative value is substantially outweighed by the danger of unfair prejudice. And that is not a factor here, because it's--it's the same individuals. And I think the testimony is going to be something that either is given--I mean, either the jury will find that credible or they won't find it credible. So that's my ruling.

6

Berber contends that the district court's statement that the I.R.E. 403 balancing test is "not a factor" because the parties are the "same individuals" demonstrates that the court did not conduct the requisite balancing test. The State reads the district court's language as being the equivalent of stating that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

The district court recognized that the I.R.E. 404(b) analysis included conducting the I.R.E. 403 balancing test. The court's statement that it was "not a factor" did not effectively factor out the I.R.E. 403 balancing test from the court's analysis. Instead, the court was expressing that the balancing test in this case did not contain the typical factors common in other I.R.E. 404(b) circumstances, such as when the victims, crimes, or time periods differ. Here, where the victim and crimes are identical, there is not the same concern regarding the prejudicial effect of propensity evidence as in many other I.R.E. 404(b) cases. However, it is clear that the district court recognized the need to perform the I.R.E. 403 balancing test and did not factor the balancing test out of its analysis.

In conducting the I.R.E. 403 balancing test, the district court stated that the balancing test was implicit in its discussion regarding the relevance of the California conduct. The court then said that the jury would find N.M.'s testimony to be either credible or not credible. Based on the context of the court's decision, we conclude that the district court conducted the proper balancing test and found that the probative value was not substantially outweighed by the danger of unfair prejudice. The court's discussion about the relevance of the California conduct demonstrated the probative value of the evidence. In other words, the California conduct was probative of N.M.'s credibility and Berber's common scheme or plan. The court viewed the prejudicial effect analysis as minimal because the evidence went to credibility and whether N.M. would be believed or not. Accordingly, the district court did not abuse its discretion by failing to conduct the requisite I.R.E. 403 balancing test.

7

## III.

## CONCLUSION

Berber has failed to demonstrate reversible error. Accordingly, the judgment of conviction entered upon a jury verdict finding Berber guilty of lewd conduct with a minor under sixteen is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**